**UNITED STATES DISTRICT COURT
IN THE DISTRICT OF MASSACHUSETTS**

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

    *Plaintiff*,

v.

STILL RIVER SYSTEMS, INC.,

    *Defendant*.

Civil Action No: _____

## COMPLAINT AND JURY DEMAND

   Massachusetts Institute of Technology ("MIT"), by its attorneys Proskauer Rose LLP,

brings this action for patent infringement and breach of contract against Still River Systems, Inc.

("SRS").

## THE PARTIES

   1.  MIT is an educational and research institution organized under the corporate laws

of the Commonwealth of Massachusetts with its principal office in Cambridge, MA.

   2.  On information and belief, SRS is a Delaware corporation with its principal place

of business in Littleton, MA.

## JURISDICTION AND VENUE

   3.  This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

   4.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§§ 1331, 1338(a), and 1367.

5.      This Court has personal jurisdiction over SRS because SRS's principal place of business is in this District and SRS is doing business in this District directly related to the allegations set forth herein.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c), and 1400(b).

## BACKGROUND FACTS

7.      MIT is the assignee of U.S. Patent No. 7,656,258 (the "'258 Patent"), which is entitled "Magnet Structure for Particle Acceleration."  Attached hereto as Exhibit 1 is copy of the '258 Patent.

8.      MIT is the assignee of U.S. Patent No. 7,696,847 (the "'847 Patent"), which is entitled "High-field Synchrocyclotron."  Attached hereto as Exhibit 2 is copy of the '847 Patent.

9.      MIT is the assignee of U.S. Patent No. 7,541,905 (the "'905 Patent"), which is entitled "High-field Superconducting Synchrocyclotron."  Attached hereto as Exhibit 3 is copy of the '905 Patent.

10.      The '258 Patent was duly issued by the United States Patent and Trademark Office, and is valid and enforceable.

11.      The '847 Patent was duly issued by the United States Patent and Trademark Office, and is valid and enforceable.

12.      The '905 Patent was duly issued by the United States Patent and Trademark Office, and is valid and enforceable.

13.      On or about July 1, 2004, MIT, through its Office of Sponsored Programs, and SRS entered into an agreement pursuant to which SRS would sponsor certain research at MIT ("Research Agreement").

14.     Under the Research Agreement, SRS agreed to reimburse MIT for all direct and indirect costs that MIT incurred in the performance of research, up to a certain amount, for the period between July 1, 2004 and November 30, 2004.

15.     In its eighth amendment, the Research Agreement was extended until December 31, 2007, and the reimbursement amount was increased.

16.     Between August 1, 2007 and December 31, 2007, MIT invoiced SRS $888,436 pursuant to the amended Research Agreement, which SRS has not paid.

17.     On or about August 16, 2006, MIT entered into an world-wide, exclusive license agreement ("License Agreement") with SRS, licensing certain of its patents to SRS, including the '258, '847, and '905 Patents, for use in the field of proton radiotherapy for medical applications.

18.     Section 3.1 of the License Agreement required SRS to meet certain milestones.

19.     On or about December 31, 2008, SRS did not meet at least one milestone required by the License Agreement, materially breaching the License Agreement.

20.     On or about August 26, 2009, MIT sent a notice of termination of the License Agreement to SRS due to its material breach.

21.     On or about November 3, 2009, MIT sent SRS a second notice of termination of the License Agreement.

22.     As a result of the failure to meet at least one milestone, the License Agreement is no longer in force, and SRS has no license to MIT's '258,'847, or '905 Patents.

23.     On information and belief, details about SRS's equipment are not publicly available and SRS has not permitted Dr. Antaya or MIT to have access to those details.  On

information and belief, however, SRS has agreed to install a proton radiation system with a small, high-energy proton therapy accelerator for a number of entities.

24.     MIT's allegations are made on reasonable inquiry based on Dr. Antaya's knowledge and, MIT believes, after reasonable opportunity for discovery, it will be able to provide more detailed infringement contentions.

## COUNT I
## Infringement of the '258 Patent

25.     The allegations of paragraphs 1 through 24 are incorporated by reference into this Count I as though fully set forth herein.

26.     On information and belief, SRS makes, uses, offers to sell, sells within the United States, and/or imports into the United States, a product that infringes, induces the infringement of, or contributes to the infringement of, one or more claims of the '258 Patent.

27.     On information or belief, SRS's infringement is willful.

28.     MIT has been, and is, irreparably harmed and has incurred, and will continue to incur, damages as a result of SRS's infringement of the '258 Patent, unless SRS is enjoined by this Court from further acts of infringement.

## COUNT II
## Infringement of the '847 Patent

29.     The allegations of paragraphs 1 through 28 are incorporated by reference into this Count II as though fully set forth herein.

30.     On information and belief, SRS makes, uses, offers to sell, sells within the United States, and/or imports into the United States, a product that infringes, induces the infringement of, or contributes to the infringement of, one or more claims of the '847 Patent.

31.     On information or belief, SRS's infringement is willful.

32.     MIT has been, and is, irreparably harmed and has incurred, and will continue to incur, damages as a result of SRS's infringement of the '847 Patent, unless SRS is enjoined by this Court from further acts of infringement.

## COUNT III
## Infringement of the '905 Patent

33.     The allegations of paragraphs 1 through 32 are incorporated by reference into this Count III as though fully set forth herein.

34.     On information and belief, SRS makes, uses, offers to sell, sells within the United States, and/or imports into the United States, a product that infringes, induces the infringement of, or contributes to the infringement of, one or more claims of the '905 Patent.

35.     On information or belief, SRS's infringement is willful.

36.     MIT has been, and is, irreparably harmed and has incurred, and will continue to incur, damages as a result of SRS's infringement of the '905 Patent, unless SRS is enjoined by this Court from further acts of infringement.

## COUNT IV
## Breach of Contract

37.     The allegations of paragraphs 1 through 36 are incorporated by reference into this Count III as though fully set forth herein.

38.     Pursuant to the Research Agreement and its subsequent amendments, SRS is required to reimburse MIT for certain direct and indirect costs that it incurred in the performance of research.

39.     Pursuant to the Research Agreement, MIT has invoiced SRS for $888,436 for certain direct and indirect costs that it incurred in the performance of research.

40.     SRS has breached the Research Agreement by failing to reimburse MIT for these costs.

41.     As a result of SRS's breach of the Research Agreement, MIT has incurred, and continues to incur, damages

## PRAYER FOR RELIEF

WHEREFORE, MIT prays for judgment against SRS as follows:

(a)     Enter judgment that SRS has infringed, and continues to infringe, the '258, '847, and '905 Patents;

(b)     Enter judgment that SRS's acts of infringement are willful;

(c)     Preliminarily and permanently enjoin SRS, its officers, subsidiaries, agents, servants, employees, and all persons in active concert with any of them, from any further infringement of the '258, '847, and '905 Patents;

(d)     Award MIT all monetary relief available under the patent laws of the United States, including but not limited to actual damages, pre- and post- judgment interest, enhanced damages, and costs pursuant to 35 U.S.C. § 284;

(e)     Declare this case exceptional and award MIT its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

(f)     Enter judgment that SRS has breached the Research Agreement with MIT;

(g)     Award MIT $888,436,  plus interest and costs; and

(h)     Grant MIT such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

MIT demands a trial by jury on all issues so triable.


Dated:  December 23, 2010          Respectfully Submitted,


/s/  Steven M. Bauer
Steven M. Bauer (BBO #542531)
Sharada Devarasetty (BBO #672514)
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110-2600
Telephone: (617) 526-9600
Facsimile: (617) 526-9899
sbauer@proskauer.com
sdevarasetty@proskauer.com

Attorneys for Plaintiff,
MASSACHUSETTS INSTITUTE OF TECHNOLOGY.