UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) Civil Action No. 1:10-cv-12225-RWZ |
| v. | )<br>) |
| STILL RIVER SYSTEMS, INC., | )<br>) |
| Defendant. | )<br>) |

**DEFENDANT STILL RIVER SYSTEMS, INC.'S MOTION TO DISMISS**

Defendant Still River Systems, Inc. ("Still River") respectfully moves, pursuant to Fed. R. Civ. P. 12 ("Rule 12"), that the Court dismiss Plaintiff Massachusetts Institute of Technology's ("Plaintiff's") Count I for infringement of U.S. Patent No. 7,656,258, Count II for infringement of U.S. Patent No. 7,696,847, and Count III for infringement of U.S. Patent No. 7,541,905 from Plaintiff's Complaint in this action for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) and/or based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Still River additionally moves that the Court dismiss Plaintiff's Count IV for Breach of Contract from Plaintiff's Complaint in this action pursuant to Rule 12(b)(6) or, in the alternative, that it order Plaintiff to provide a more definite statement as to said Count IV pursuant to Rule 12(e).

The grounds for this motion are:  1) Plaintiff's Counts I, II and III should be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6) and/or for lack of

-2-

subject matter jurisdiction under Rule 12(b)(1) because Still River has timely exercised the mandatory mediation provision in the parties' 2006 License Agreement that requires the parties to complete a mediation pursuant to the terms of the License Agreement before initiating litigation; 2) Plaintiff's Counts I, II and III should further be dismissed under Rule 12(b)(6) because Plaintiff has failed to accuse any Still River product of infringement or provide a factual foundation for its claims, and no completed Still River product even exists to accuse nor is there any indication Plaintiff has compared the claims of the Subject Patents to Still River's product; 3) Plaintiff's Count IV should be dismissed under Rule 12(b)(1) because, if Counts I, II and III are dismissed, there will be no foundational federal question claims anchoring jurisdiction and no persuasive basis on which the Court may exercise supplemental jurisdiction over a state law breach of contract claim; and 4) Plaintiff's Count IV should be also dismissed under Rule 12(b)(6) because Plaintiff's pleading fails to allege the essential breach of contract element of performance by Plaintiff of its contractual obligations under the parties' separate Research Agreement, or Plaintiff should be required to provide a more definite statement under Rule 12(e) alleging whether it performed as required under the Research Agreement, whether it terminated the Research Agreement, and the basis for its contentions on those points.

In support of this motion, Still River relies on its accompanying Memorandum of Points and Authorities in Support of Defendant Still River Systems, Inc.'s Rule 12 Motion; the accompanying Declaration of Michael A. Molano and all exhibits thereto; the accompanying Declaration of Kenneth Gall and all exhibits thereto; Fed R. Civ. P. 12; the pleadings and papers on file in this action; such matters of which this Court may take judicial notice; and such other evidence and arguments as may be presented to the Court in connection with this motion at a hearing or otherwise.

## **REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), Still River respectfully requests oral argument.

WHEREFORE, Still River respectfully requests the Court:

(1) grant a hearing on this motion;

(2) grant Still River's motion to dismiss Counts I, II and III from Plaintiff's Complaint in this action pursuant to Rule 12(b)(6) and/or Rule 12(b)(1);

(3) grant Still River's motion to dismiss Count IV from Plaintiff's Complaint in this action pursuant to Rule 12(b)(1) and/or 12(b)(6), or grant its motion for a more definite statement pursuant to Rule 12(e) as to Count IV requiring Plaintiff to allege whether it performed as required under the parties' Research Agreement, whether it terminated the Research Agreement, and the basis for its contentions on those points; and

(4) grant such other and further relief as the Court deems just and proper.

Dated: January 20, 2011                                                   Respectfully submitted,

STILL RIVER SYSTEMS, INC.

By its attorneys,

/s/ Zachary R. Gates
Mark Schonfeld (BBO # 446980)
   *mschonfeld@burnslev.com*
Deborah Peckham (BBO # 564865)
   *dpeckham@burnslev.com*
Zachary R. Gates (BBO #677873)
   *zgates@burnslev.com*
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110-1624
Telephone: 617-345-3000
Facsimile: 617-345-3299

Roy Goldberg (admitted *pro hac vice*)
Don J. Pelto (admitted *pro hac vice*)
SHEPPARD MULLIN
RICHTER & HAMPTON LLP
1300 I Street, N.W.
11th Floor East
Washington, DC 20005
Telephone: 202-218-0000
Facsimile: 202-218-0020

Michael A. Molano (admitted *pro hac vice*)
Nathaniel Bruno (admitted *pro hac vice*)
SHEPPARD MULLIN
RICHTER & HAMPTON LLP
390 Lytton Avenue
Palo Alto, CA 94301
Telephone: 650-815-2600
Facsimile: 650-815-2601

### CERTIFICATE OF SERVICE

I, Zachary R. Gates, Esq., hereby certify that on January 20, 2011, copies of the Defendant Still River Systems, Inc.'s Motion to Dismiss and the memorandum, declarations, and exhibits thereto, were served via CM/ECF on all counsel of record for the Plaintiff.

/s/ Zachary R. Gates
Zachary R. Gates, Esq.

#200368323.1