## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
                                          )
MASSACHUSETTS INSTITUTE OF                )
TECHNOLOGY,                               )
                                          )
                    Plaintiff,            )
                                          )          Civil Action No. 1:10-cv-12225-RWZ
v.                                        )
                                          )
STILL RIVER SYSTEMS, INC.,                )
                                          )
                    Defendant.            )
_____ )

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
### DEFENDANT STILL RIVER SYSTEMS, INC.'S MOTION TO DISMISS

### INTRODUCTION

Pursuant to Rule 12(b)(6), Fed. R. Civ. P., the Complaint and action should be dismissed.

As set forth below, the claims of plaintiff Massachusetts Institute of Technology ("Plaintiff")

against defendant Still River Systems, Inc. ("Still River") for infringement of U.S. Patent Nos.

7,656,258 (the "'258 Patent"), 7,696,847 (the "'847 Patent'"), and 7,541,905 (the "'905 Patent")

(collectively the "Subject Patents") in Counts I, II and III of the Complaint are precluded by the

parties' agreement to mediate this dispute, and also fail to state a claim upon which relief can be

granted, as does Count IV for breach of contract.

The parties to this lawsuit are also parties to an exclusive patent license agreement

pursuant to which Plaintiff granted Still River rights to the application that matured into the

Subject Patents.  Plaintiff alleges it terminated that license agreement.[1]  Plaintiff filed this case

despite the existence of an applicable mandatory mediation provision for disputes arising out of

or relating to the license agreement, which is what is presented here.  Plaintiff's patent

infringement Counts I, II and III clearly relate to the license agreement and should therefore be

_____
[1]Complaint, Dkt. 1 at ¶¶ 20-21.

dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6) and/or for lack of subject matter jurisdiction under Rule 12(b)(1) because Still River has timely exercised the mandatory mediation provision in the parties' License Agreement.

Furthermore, the Complaint fails to state an actionable claim for patent infringement because there is no accusation of any specific Still River product as the infringing product and, indeed, there is not even a completed Still River product which can be accused of infringement. Without a product to accuse, and without any indication Plaintiff has compared the claims of the Subject Patents to Still River's product, Plaintiff cannot state claims that satisfy the fair notice pleading standards requiring allegations that go beyond threadbare recitals of factually-unsupported conclusory statements.

Because there is no basis for Plaintiff's claims of patent infringement, Count IV of the Complaint, which purports to assert a state law claim for breach of a contract entered into between two Massachusetts entities, should be dismissed pursuant to Rule 12(b)(1), Fed. R. Civ. P., due to lack of subject matter jurisdiction.

In addition, the claim for breach of contract in Count IV should be dismissed for failure to state a claim upon which relief can be granted because it fails to allege the essential breach of contract element of performance by Plaintiff of its contractual obligations under the parties' separate Research Agreement.  Alternatively, Plaintiff should otherwise be required under Rule 12(e), Fed. R. Civ. P., to provide a more definite statement alleging whether it performed as required under the Research Agreement, whether it terminated the Research Agreement, and the basis for its contentions on those points.

## STATEMENT OF FACTS

In its Complaint filed December 23, 2010, Plaintiff states that Plaintiff and Still River were parties to "an world-wide, exclusive license agreement ('License Agreement')" covering the Subject Patents "for use in the field of proton radiotherapy for medical applications"; that

Plaintiff subsequently terminated the License Agreement; and that, "on information and belief," Still River "has agreed to install a proton radiation system with a small, high-energy proton therapy accelerator for a number of entities."[2]  The Complaint goes on to allege, without any specifics whatsoever, that, "On information and belief, [Still River] makes, uses, offers to sell, sells within the United States, and/or imports into the United States, a product that infringes, induces the infringement of, or contributes to the infringement of, one or more of the claims of the" Subject Patents.[3]  The Complaint fully acknowledges the lack of any specifics, stating that "after reasonable opportunity for discovery, [Plaintiff] will be able to provide more detailed infringement contentions."[4]  The Complaint, however, neglects to address the mandatory mediation provision in the parties' License Agreement, which Still River has now exercised and initiated.

The Complaint also purports to allege that Still River owes Plaintiff $888,436 under a "Research Agreement" entered into between the parties.[5]  However, nowhere in the Complaint does Plaintiff allege that it has performed its obligations under the Research Agreement, which are a condition precedent to the requirement that Still River pay the sum sought by Plaintiff.

## <u>LEGAL STANDARD</u>

In order to survive scrutiny under Rule 12(b)(6), Fed. R. Civ. P., a complaint must contain more than "threadbare" recitations of elements of counts or conclusory allegations.  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), the Supreme Court made clear that "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed."[6]  Specifically, a "plaintiff's obligation to

---

[2]Complaint, Dkt. 1, ¶¶ 17, 20-21, 24.

[3]*Id.* at ¶¶ 26, 30 and 34.

[4]*Id.* at ¶ 24.

[5]*Id.* at ¶ 40.

[6]550 U.S. at 557-60.

provide the grounds of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."[7]

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court re-affirmed that district courts must disregard perfunctory allegations and mere conclusions in assessing the sufficiency of a complaint, stating that "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not meet a plaintiff's pleading burden.[8]  The Court added that "Rule 8…does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[9]  Accordingly, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

In addition to applying the heightened pleading standard enunciated in *Twombly* to all federal civil actions, the Supreme Court in *Iqbal* emphasized that mere conclusory allegations are not even entitled to the assumption of truth:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.[11]

Furthermore, in considering a motion to dismiss, a court is "not bound to accept as true a legal conclusion couched as a factual allegation."[12]

---

[7]*Id.* at 555 (internal quotation marks omitted).

[8]*Iqbal*, 129 S. Ct. at 1949.

[9]*Id*. at 1950.

[10]*Id*. at 1949.

[11]*Id*. at 1950.  .

[12]*Id.* (quoting *Twombly*, 550 U.S. at 555).

## ARGUMENT

**I.**   **COUNTS I, II AND III (PATENT INFRINGEMENT) SHOULD BE DISMISSED**

The Court should dismiss Counts I, II and III for failure to state a claim under Rule 12(b)(6) or for lack of subject matter jurisdiction under Rule 12(b)(1) because Still River has exercised the mandatory mediation provision of the parties' 2006 License Agreement that pertains to the Subject Patents.  The Court should also dismiss Counts I, II and III for failure to state a claim under Rule 12(b)(6) because Plaintiff has failed to allege the necessary elements for an actionable claim of infringement of the three Subject Patents.

**A.**   **Plaintiff's Patent Infringement Counts Are Premature In View Of The Parties' Contractual Mediation Provision Exercised By Still River.**

"[F]ailure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal."[13]  The parties' License Agreement referred to in paragraph 17 of Plaintiff's Complaint (Dkt. 1) contains a section 13.3 entitled "Dispute Resolution Procedures."[14]  Section 13.3(a) is titled "Mediation," and provides:

> In the event any dispute ***arising out of or relating to*** this Agreement remains unresolved ***within sixty (60) days from the date the affected party informed the other party of such dispute, either party may initiate mediation*** upon written notice to the other party ("Notice Date"), whereupon both parties shall be obligated to engage in a mediation proceeding under the then current Center for Public Resources ("CPR") Model Procedure for Mediation of Business Disputes.[15]

Plaintiff's patent infringement claims "arise out of or relate to" the parties' License Agreement.  By the License Agreement, Plaintiff granted Still River an exclusive license to certain patent applications covering synchrocyclotron technologies.[16]  One of those patent

---

[13]*Brosnan v. Dry Cleaning Station, Inc.*, 2008 U.S. Dist. LEXIS 44678 at *2 (N.D. Cal. June 6, 2008) (dismissing case under Rule 12(b)(6) where plaintiff failed to observe pre-litigation mediation provision in parties' contract).

[14]*See* Declaration of Sharada Devarasetty, Esq. ("Devarasetty Decl."), Dkt. 5-2 at Exh. 2.

[15]*See id.* at Exh. 2 (emphasis added).

[16]*See id.*

applications matured into three patents (U.S. Patent Nos. 7541,905 (the "'905 Patent," issued June 2, 2009), 7,656,258 (the "'258 Patent," issued February 2, 2010), and 7,696,847 (the "'847 Patent," issued April 13, 2010)) *that are now the Subject Patents asserted by Plaintiff against Still River in this action*.[17]  Plaintiff's alleged termination of the License Agreement is the basis for its infringement claims based on the Subject Patents.[18]  Still River disputes whether Plaintiff's purported termination was effective, and whether its product infringes Plaintiff's Subject Patents. In any event, the parties' patent infringement dispute certainly "arises out of or relates to" the License Agreement, which provided Still River with license rights to the Subject Patents.

Accordingly, it is clear that, the mediation clause of section 13.3(a) of the License Agreement applies here.  Plaintiff did not reasonably "inform the other party of such dispute" involving direct allegations of patent infringement until it surprisingly filed this action on December 23, 2010.[19]  Accordingly, Still River has 60 days (through February 21, 2011) to "initiate mediation upon written notice" to Plaintiff.[20]  Still River provided that written notice electing to mediate the parties' patent infringement disputes on January 19, 2011.[21]

As a result, the parties' License Agreement controls, and prevents Plaintiff from pursuing its patent infringement counts before this Court, at least until the parties have completed a mediation in the manner required by their License Agreement.[22]

Still River therefore respectfully requests that the Court dismiss Plaintiff's Counts I, II and III for patent infringement under Rule 12(b)(6) for failure to state a claim that overcomes the explicit mediation provision of the parties' License Agreement, and/or for lack of subject matter

---

[17]*See* Complaint, Dkt. 1 at Exhs. 1-3.

[18]*See id.* at ¶¶ 20-21.

[19] *See* Complaint, Dkt. 1.

[20] *See* Devarasetty Decl., Dkt. 5-2, Exh. 2 at section 13.3(a).

[21] Declaration of Michael A. Molano ("Molano Decl."), Exh. 1.

[22] *See* Devarasetty Decl., Dkt. 5-2, Exh. 2 at section 13.3(a)-(b).

jurisdiction under Rule 12(b)(1) prior to the occurrence of mediation.[23]  Plaintiff has not stated a claim because it has not alleged performance or nullity of the explicit mediation election provision in the License Agreement, and has therefore not fulfilled the elements required to bring claims for patent infringement in this action.  The Court also does not have subject matter jurisdiction according to the License Agreement until the Center for Public Resources has conducted a mediation between the parties.[24]

> **B.** **Plaintiff's Patent Infringement Counts Fail To Accuse Any Still River Product Based On A Non-Conclusory Factual Foundation, And There Is Not Even A Completed Still River Product To Accuse.**

In order to state a claim for patent infringement, Plaintiff must at least accuse a specific Still River product of infringement and provide the fair notice of factual allegations that go beyond mere conclusory assertions.[25]  But Plaintiff's Complaint *fails to even name any accused Still River product*, much less explain the manner in which any Still River product may purportedly infringe three separate patents with a total of *91 claims*.[26]

---

[23] *Tattoo Art, Inc. v. TAT Int'l, LLC*, 711 F. Supp. 2d 645, 651-52 (E.D. Va. 2010) ("A number of courts have found that when parties to a lawsuit have elected not to be subject to a court's jurisdiction until some condition precedent is satisfied, such as mediation, the appropriate remedy is to dismiss the action.") (dismissing case where licensing agreement at issue had provision requiring mediation prior to litigation); *Mortimer v. First Mount Vernon Indus. Loan Ass'n*, 2003 U.S. Dist. LEXIS 24698 at *9 (D. Md. May 19, 2003) (granting motion to dismiss filed pursuant to Rule 12(b)(6) and 12(b)(1) based on plaintiff's failure to abide by a contractual mediation provision prior to bringing lawsuit).

[24] *See id.*

[25] *See e.g. Eidos Communs., LLC v. Skype Techs. SA*, 686 F. Supp. 2d 465, 469 (D. Del. 2010) (requiring amendment to provide more definite statement on threat of dismissal where patent infringement plaintiff failed to identify the accused product, even though there was only a finite potential product pool); *Fifth Market, Inc. v. CME Group, Inc.*, 2009 U.S. Dist. LEXIS 108776 at *3 (D. Del. May 14, 2009) ("[A]t a minimum, [the plaintiff] must allege, in general terms, an infringing product.") (granting motion to dismiss where no infringing product was identified based on lack of fair notice); *Halo Elec., Inc. v. Bel Fuse, Inc.*, 2007 WL 2156332 at *2 (D. Nev. July 26, 2007) (dismissing patent infringement claims where complaint "fails to allege the manner or means by which Defendants infringe the patents, instead alleging only the legally conclusory allegation that Defendants 'have been and are infringing' the patents, without any factual allegations in support"); *Hewlett-Packard Co. v. Intergraph Corp.*, 2003 WL 23884794 at *1 (N.D. Cal. Sept. 6, 2003); *Ondeo Nalco Co. v. EKA Chem., Inc.*, 2002 WL 1458853 at *1 (D. Del. June 10, 2002) (dismissing patent infringement claims under Rule 12(b)(6) because pleading was too ague to identify accused products); *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 962, 964 (S.D. Cal. 1996) (dismissing patent infringement claims with leave to amend based on failure to identify infringing products or conduct a reasonable investigation in to infringement allegations).

[26] *See* Complaint, Dkt. 1 at Exhs. 1-3.

Instead, Plaintiff's Complaint provides the following threadbare, conclusory assertions:

> 23.  On information and belief, details about [Still River's] equipment are not publicly available and [Still River] has not permitted Dr. Antaya or [Plaintiff] to have access to those details.  On information and belief, however, [Still River] has agreed to install a proton radiation system with a small, high-energy proton therapy accelerator for a number of entities.

> 24.  [Plaintiff's] allegations are made on reasonable inquiry based on Dr. Antaya's knowledge and, [Plaintiff] believes, after reasonable opportunity for discovery, it will be able to provide more detailed infringement contentions.

> …

> 26.  On information and belief, [Still River] makes, uses, offers to sell, sells within the United States, and/or imports into the United States, a product that infringes, induces the infringement of, or contributes to the infringement of, one or more claims of the [Subject Patents].[27]

These "information and belief' allegations:  1) fail to accuse any specific product; 2) admit the assertions of infringement are not based on any details about Still River's actual product, then proceed to speculate about Still River's product and make conclusory assertions of infringement; and 3) blatantly attempt to rely on discovery to hopefully provide a factual basis for these unfounded claims.  Because Plaintiff has not fulfilled the basic requirement of actually accusing a Still River product and providing fair notice of the factual foundation for its basic infringement arguments, Plaintiff has failed to state a claim for infringement of any of the three Subject Patents.[28]

Plaintiff's conclusory "information and belief" allegations are not entitled to an assumption of truth.[29]  Plaintiff alleges that, "[Plaintiff] believes, after reasonable opportunity for discovery, it will be able to provide more detailed infringement contentions."[30]  But Plaintiff is

---

[27]*Id*. at ¶¶ 23, 24, 26, 30, and 34.

[28]*See* Fn. 25, *supra*.

[29]*Iqbal*, 129 S. Ct. at 1950.

[30]Complaint, Dkt. 1 at ¶ 24.

not entitled to file a lawsuit to "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[31]   The Complaint does not, as it must, plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[32]   Plaintiff's conclusory assertions on information and belief are not assumed to be true, leaving Plaintiff without a factual foundation for its claims and, as explained above, there is no factual foundation upon which Plaintiff can accuse any Still River product.

Moreover, Plaintiff cannot salvage its Counts I, II and III by re-pleading to try to identify Still River's allegedly-infringing product.  Plaintiff's fundamental problem is that it cannot conceivably state a claim for infringement of the three Subject Patents, because Still River's Monarch 250 Proton Beam Radiation Therapy System (the "Monarch System"), the only product Plaintiff could conceivably even accuse of infringement, is still undergoing development.  The final phase of the first build-out and installation of the Monarch System is not currently due to be completed until at least May of 2011.[33]   This information is publicly available in American Shared Hospital Services' 10-Q released on November 15, 2010 and accessible on the Internet.[34] Elements of the Monarch System are still being designed and modified as the first installation is being built.[35]   Without a fully-designed or fully-built product completed by Still River, there is no product that Plaintiff can credibly accuse of infringement, because there is no final product whose elements Plaintiff can analyze and compare against the claims of its patents as part of an infringement analysis.

A comparison of claims to product cannot logically be done until the accused party has actually finished building a product to be accused.  The fact that Plaintiff has accused Still River

---

[31]*Iqbal*, 129 S. Ct. at 1950.

[32]*Id.* at 1949.

[33]Affidavit of Kenneth Gall ("Gall Aff.") at ¶¶ 2-5 and Exh. 3.

[34]*Id.* at ¶¶ 4-5 and Exh. 3.

[35]*Id.* at ¶¶ 2-4.

of infringement when Still River's product is not yet even completed further illustrates the factually-baseless nature of Plaintiff's patent infringement claims and the appropriateness of dismissal of Plaintiff's unsupported conclusory allegations of infringement.[36]

Plaintiff also cannot salvage its deficient pleading by pointing to its motion for preliminary injunction with regard to only the '258 Patent (Dkt. 4). Plaintiff offered only one exhibit with that motion that purported to reflect an infringement analysis. However, that document – Exhibit 1 to the Declaration of Dr. Timothy A. Antaya[37] – fails to compare any claim in the '258 Patent to any Still River product (and completely ignores the other two Subject Patents). The Antaya document instead compares one claim of the '258 Patent to some research that Plaintiff provided to Still River *in 2004*. Thus, Plaintiff's entire claim of infringement of the '258 Patent is predicated on pure speculation that Still River ***might conceivably be using seven-year-old research*** for a new product that is being developed and built.[38] Accordingly, Plaintiff's own preliminary injunction filing shows that Plaintiff has at best compared only <u>one</u> of its patents-in-suit to its ***own research*** and speculated that said research from 2004 might be present in Still River's yet-to-be-completed product.

In *Pellegrini v. Analog Devices, Inc.*, this Court dismissed claims for patent infringement pursuant to a Rule 11 motion because:

> The infringement analysis contained in the claim chart prepared by [plaintiff] consists entirely of comparisons between limitations of the [patent-in-suit] and various elements described in a paper by [defendant's] scientists…That paper, however, nowhere discusses the accused [product]…Comparing the [patent-in-suit] to the descriptions contained in the article is thus useless because the article is completely silent as to 'the accused subject matter' against which the patent must be compared.[39]

---

[36] *Iqbal*, 129 S. Ct. at 1949-50.

[37] *See* Docket No. 5.

[38] Antaya Aff., Docket No. 5-1 at ¶¶ 7, 11-12 and Exh. 1.

[39] 2006 WL 83472 at *2 (D. Mass. Jan. 11, 2006) (Zobel, J.) (citation omitted) (dismissal ordered under Rule 11).

By analogy, the same result of dismissal is warranted here in the Rule 12 context, where Plaintiff has apparently not attempted to compare its patent claims against Still River's product, and its infringement claims are pure speculation.[40]

     Plaintiff made unsupported allegations of infringement that amount to nothing more than the proscribed "threadbare" allegations and conclusory assertions of infringement without any basis in fact.[41]  There is no basis for Plaintiff's infringement claims in any facts, and they should therefore be dismissed.

## II.   COUNT IV (BREACH OF CONTRACT) SHOULD BE DISMISSED

     Count IV alleges breach of contract in an entirely conclusory fashion, merely asserting that Still River breached the parties "Research Agreement" by failing to pay invoices submitted by Plaintiff.[42]

### A.   This Court Should Decline Subject Matter Jurisdiction Over Solely A State Law Claim For Breach Of Contract.

     When foundational federal question claims are dismissed, the district court may reassess its jurisdiction over supplemental state law claims.[43]  Ordinarily this assessment will "weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation."[44]

     Here, if the Court grants this Motion to Dismiss as to Counts I, II and III at this early stage, there would no longer remain a persuasive basis for asserting supplemental jurisdiction over the sole remaining claim – Count IV – which alleges a state law claim for breach of

---

[40]*See id.* at *2-4.

[41]*Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1949-50.

[42]*See* Complaint, Docket No. 1 at ¶¶ 38-41.

[43]28 U.S.C. § 1367(c)(3).

[44]*Camelio v. American Fed'n*, 137 F.3d 666, 672 (1st Cir. 1998) (holding that district court erred in retaining jurisdiction over state law claims after dismissing foundational federal questions claims and ordering remand of state law claims to Massachusetts state court).

contract, largely for reasons of comity.[45]  Notably, Plaintiff's Complaint does not assert that

federal jurisdiction exists under 28 U.S.C. § 1332 because of diversity of the citizenship of the

parties to this case.  Rather, the Complaint alleges jurisdiction pursuant to 28 U.S.C. § 1331

(federal questions jurisdiction), § 1338 (patent law jurisdiction), and § 1367 (supplemental

jurisdiction).[46]  Indeed, the Complaint asserts that both Plaintiff and Still River are citizens of

Massachusetts, which would destroy diversity.[47]  Thus, it is clear that if Counts I, II and III are

dismissed, then this Court should dismiss Count IV for lack of subject matter jurisdiction.[48]

### B.   Count IV Fails To State A Claim For Breach Of Contract.

Even if one or more of Plaintiff's claims for patent infringement survives the Motion to

Dismiss, the Court should still dismiss the breach of contract claim in Count IV for failure to

state an actionable claim for breach of contract.  Specifically, Count IV fails to allege that

Plaintiff performed *its own obligations* under the contract that were a condition precedent to Still

River's performance – or that Plaintiff remained ready to perform and was excused from

performance.[49]  Even if Plaintiff's cursory assertion that it invoiced Still River for work done

pursuant to the Research Agreement is considered somehow impliedly indicative of performance

by Plaintiff, the allegations in Count IV are insufficient "threadbare" recitals of conclusory

statements with no predicate basis in alleged facts.[50]  The failure to plead an essential element of

a breach of contract claim subjects the claim to dismissal.[51]

---

[45]*See id.*

[46]Complaint ¶ 4.

[47]Complaint ¶¶ 1, 2.

[48] *See Camelio*, 137 F.3d at 672.

[49]*Singarella* v. *City of Boston*, 342 Mass. 385, 387 (1961); Massachusetts Superior Court Civil Practice Jury Instructions § 13.1.19 (2008) (provided at Molano Decl., Exh. 2).

[50]*Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1949-50.

[51]*Vasys v. Metropolitan District Commission*, 387 Mass. 51, 55-56 (1982) (failure to allege performance of a condition precedent to recovery under a statute would invite dismissal for failure to state a claim if the time for performance of that condition had passed); *Waldo Bros. Co. v. Platt Contracting Co. Inc.*, 305 Mass. 349, 358-59 (1940) ("Where payment under a contract depends upon some act to be performed by the  payee  that  is  a  condition

Still River's concern over Plaintiff's lack of proper pleading is not merely a technical argument. The issue of whether Plaintiff did, in fact, perform its obligations in the parties' Research Agreement is critical to the issue of whether a breach by Still River occurred. If Plaintiff had managed to state a claim in its Complaint, a prominent defense of Still River's would have been that Plaintiff failed to perform its own obligations under the Research Agreement that were conditions precedent to Still River's performance. "A material breach of contract by one party excuses the other party from performance as a matter of law."[52]  Still River would argue that it stopped paying Plaintiff because Plaintiff materially breached by failing to do what it was required to perform under the Research Agreement. Still River was therefore excused from performance and any non-payment cannot be considered a breach.

Additionally, Plaintiff is well aware that Still River contends Plaintiff terminated the Research Agreement in or around June/July of 2007 pursuant to meetings and letters between the parties, thus excusing Still River from further payment or performance. Still River's position in response (and an argument it would advance here had Plaintiff stated a claim) is that Still River has paid Plaintiff in full for work done up to the time Plaintiff terminated, but has not paid for post-termination work between the time of termination and the end of 2007 (which is reflected in Plaintiff's Complaint that only alleges non-payment from August 1, 2007 through December 31, 2007.[53]

Plaintiff's breach of contract claim should therefore be dismissed under Rule 12(b)(6), or Plaintiff should at least be required to provide a more definite statement under Rule 12(e) alleging whether it performed, whether it terminated, and the basis for its contentions on those points. Fed. R. Civ. P. 12(e) (a more definite statement should be required where a pleading is

---

precedent to payment, failure to perform the condition disentitles the payee to payment unless some sufficient reason or excuse for not performing is shown."); *AIG Centennial Ins. Co. v. Fraley-Landers*, 450 F.3d 761, 764 (8th Cir. 2006) ("[O]ne party's failure to perform a condition precedent entirely excuses any remaining obligations of the other party.").

[52]*Coviello v. Richardson*, 76 Mass. App. Ct. 603, 609 (2010).

[53]*See* Complaint, Dkt. 1 at ¶ 16.

"so vague or ambiguous that the party cannot reasonably prepare a response").

## **CONCLUSION**

For the reasons set forth above, the Complaint and action should be dismissed.


Dated: January 20, 2011                    Respectfully submitted,

                                           STILL RIVER SYSTEMS, INC.

                                           By its attorneys,

                                           /s/ Zachary R. Gates
                                           Mark Schonfeld (BBO # 446980)
                                               *mschonfeld@burnslev.com*
                                           Deborah Peckham (BBO # 564865)
                                               *dpeckham@burnslev.com*
                                           Zachary R. Gates (BBO #677873)
                                               *zgates@burnslev.com*
                                           BURNS & LEVINSON LLP
                                           125 Summer Street
                                           Boston, MA 02110-1624
                                           Telephone: 617-345-3000
                                           Facsimile: 617-345-3299

                                           M. Roy Goldberg (admitted *pro hac vice*)
                                           Don J. Pelto (admitted *pro hac vice*)
                                           SHEPPARD MULLIN
                                           RICHTER & HAMPTON LLP
                                           1300 I Street, N.W.
                                           11th Floor East
                                           Washington, DC 20005
                                           Telephone: 202-218-0000
                                           Facsimile: 202-218-0020

                                           Michael A. Molano (admitted *pro hac vice*)
                                           Nathaniel Bruno (admitted *pro hac vice*)
                                           SHEPPARD MULLIN
                                           RICHTER & HAMPTON LLP
                                           390 Lytton Avenue
                                           Palo Alto, CA 94301
                                           Telephone: 650-815-2600
                                           Facsimile: 650-815-2601

## CERTIFICATE OF SERVICE

I, Zachary R. Gates, Esq., hereby certify that on January 20, 2011, a copy of the Defendant Still River Systems, Inc.'s MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STILL RIVER SYSTEMS, INC.'S MOTION TO DISMISS was served via CM/ECF on all counsel of record for the Plaintiff.

/s/ Zachary R. Gates
Zachary R. Gates, Esq.