## UNITED STATES DISTRICT COURT
## IN THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>　　　　　*Plaintiff*,<br><br>v.<br><br>STILL RIVER SYSTEMS, INC.,<br><br>　　　　　*Defendant*. | Civil Action No: 1:10-cv-12225 |

### MIT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

As an initial matter, Still River's motion should be denied outright as having been filed in violation of LR 7.1. This motion came out of nowhere -- Still River never even attempted to meet and confer, let alone in good faith. *See Cruthird v. Boston Police Dept.*, 2010 WL 4449732, at *9 (D. Mass. Nov. 3, 2010) (denying a motion for no certification pursuant to LR 7.1). The lack of a Rule 7.1 certification was no oversight. No conference was held.

As for the substance of Still River's motion to dismiss, it appears that the motion was filed simply to delay answering the complaint until after the preliminary injunction hearing, given Still River's unique opposition to MIT's motion for preliminary injunction in which it argues its fraud on MIT is a defense against MIT's patent infringement claim.

The Court should not permit Still River's litigation tactics to delay this case any further. Its motion should be denied.

## I. AN AGREEMENT TO MEDIATE -- EVEN IF STILL ENFORCEABLE -- DOES NOT DEPRIVE THIS COURT OF SUBJECT MATTER JURISDICTION OVER MIT'S PATENT INFRINGEMENT CLAIMS.

Still River argues that because there is a mediation clause in the patent license agreement, this case must be dismissed for lack of subject matter jurisdiction.  But, what Still River never mentions in its motion is that MIT gave Still River notice of termination of the license on October 26, 2009, and the mediation clause may only be invoked "sixty (60) days from the date the affected party informed the other party of such dispute."  (Devarasetty Decl., Dkt. No. 5-2, Exs. 2, 5.)  Indeed, in a November 19, 2009 letter from Marc Buntaine to MIT, Still River noted that it then had a right to request mediation under the license agreement.  (*Id.* at Ex. 8.)  It never did so.  Accordingly, Still River's opportunity to demand mediation pursuant to the license agreement has come and gone.

Even if the mediation clause was still in effect, however, the license agreement *explicitly* permitted the filing of this case before mediation.  According to the license agreement, "*either party may seek a preliminary injunction* or other provisional equitable relief [before mediation] if, in its reasonable judgment, such action is necessary to avoid irreparable harm to itself or to preserve its rights under this Agreement."  (Ex. 1 at ¶ 13.2 (emphasis added).)  Still River does not even mention this clause in its motion.[1]

Interestingly, Still River says, in its motion, it has now invoked this mediation provision.  Yet, when MIT asked Still River to discuss a mediation schedule, Still River refused to even take a call about it so long as its motion for preliminary injunction is pending.

---

[1]    MIT submitted the parties' License Agreement in support of its Motion for Preliminary Injunction.  (*See* Dkt. No. 5-4.)  Due to a scanning error, the document submitted to the Court is missing page 18.  Exhibit 1 attached hereto is page 18 and 19 of the License Agreement.  With the Court's leave, MIT will replace Dkt. No. 5-4 with a complete copy of the agreement.

In any event, one party's request for mediation is no basis to dismiss a lawsuit properly brought and which states a valid claim.  While the Court can order the parties to a mediation, the Court cannot force the parties to settle.  Given the super-aggressive nature of Still River's pleadings, there is no reason to believe a mediation will do anything more here than slow the case down.  MIT has no objection to a mediation of this dispute, but that mediation cannot be used to delay the case, or as a procedural tool to increase MIT's costs.

When Still River is ready to mediate, MIT will be also.  The mediation must, however, occur in parallel with the litigation -- as contemplated by the license agreement.

## II.  MIT'S PATENT INFRINGEMENT PLEADINGS SATISFY RULE 8, AND SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Still River argues next that the case should be dismissed because MIT did not sufficiently plead infringement, contending that MIT "fails to even name any Still River accused product." Yet, in its Opposition to MIT's Motion for Preliminary Injunction *filed on the same day*, Still River states "the Monarch System is Still River's *first and only* product in development."

Whether the complaint identifies specific claims or products or not is no basis to dismiss the complaint, and this motion is just another delay tactic by Still River.  In fact, this Court's LR 16.6 _expressly_ permits a process which requires a party to "specify which claims are allegedly infringed and identify the accused products" thirty days after the Rule 16 conference.  Still River's reading of the law would nullify that rule.  MIT's complaint has put Still River on sufficient notice that the one product that it manufactures infringes one or more claims of the three patents that MIT identified.  Rule 8 requires nothing more.[2]

---

[2]    Because MIT has sufficiently pled patent infringement for each patent, MIT's breach of contract claim should not be dismissed for lack of subject matter jurisdiction.

Moreover, many district courts have held that a "claim for direct infringement must state only 1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent 'by making, selling, and using the device embodying the patent;' 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages." *Vellata, LLC v. Best Buy. Co.*, 2011 WL 61620, at *4 (C.D. Cal. Jan. 7, 2011) (citing *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000)); *see also McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) ("[A] plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent."); *Kilopass Tech. Inc. v. Sidense Corp.*, 2010 WL 5141843, at *3 (N.D. Cal. Dec. 13, 2010); *Clear with Computers, LLC v. Hyundai Motor Am., Inc.*, 2010 WL 3155885, at *1-5 (E.D. Tex. Mar. 29, 2010) (affirming *McZeal* as good law).[3]

As recently as just last week, the California district court denied a motion to dismiss grounded on a lack of product identification, for the same reasons that MIT says Still River's motion should be denied here. (Ex. 2, *Richtek Tech. Corp. v. UPI Semiconductor Corp.*, No. C.

---

[3]     None of the cases that Still River cites show it was not on "fair notice" when MIT accused its only product of patent infringement without identifying the product. *Eidos Commc'ns, LLC v. Skype Techs. SA*, 686 F.Supp.2d 465, 467-68 (D. Del. 2010) (dismissed because the plaintiff pointed to both products and methods as infringing without identifying them specifically); *Fifth Market, Inc. v. CME Group, Inc.*, 2009 U.S. Dist. LEXIS 108776, at *3 (D. Del. May 14, 2009) (dismissing a complaint which accused "products and sales methods" of infringement, but only mentioned a single product in the facts, and granting plaintiff's motion to amend the complaint to comply with the Court's ruling); *Halo Elec., Inc. v. Bel Fuse, Inc.*, 2007 WL 2156332, at *2 (D. Nev. July 26, 2007) (dismissing a complaint for infringement for not mentioning at all how the defendant was infringing the patent and granting the plaintiff leave to amend the complaint); *Gen-Probe Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961-62 (S.D. Cal. 1996) (dismissed complaint with the opportunity to amend because the complaint did not clearly demonstrate which defendants were accused of which counts of infringement).

09-05659, Order Granting in Part and Denying In Part MaxChip's Motion to Dismiss, slip op. at 3-4 (N.D. Cal. Jan. 18, 2011).)

Still River also claims, without any citation to case law, that because its overall product, not just the synchrocyclotron, is still in development and has not been installed, that MIT cannot accuse it of infringement.  It has long been the rule, however, that a party need not use or sell a product in order to infringe a patent.  *See e.g.*, 35 U.S.C. 271(a) ("[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, … infringes the patent.")  *Roche Prods. Inc. v. Bolar Pharm. Co.*, 733 F.2d 858, 861 (Fed. Cir. 1984) *rev'd on other grounds* ("It is beyond argument that performance of only one of the [four] enumerated activities is patent infringement." (emphasis in original)); *see also Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors, Inc.*, 617 F.3d 1296, 1309 (Fed. Cir. 2010).  (Congress added "offers to sell" to the patent infringement statute, "to prevent 'generating interest in a potential infringing product to the commercial detriment of the rightful patentee.'").

Still River's use of MIT's patented technology, even if only to develop its own product, subjects it to MIT's claim of infringement, regardless of whether that product has been finalized for sale.  *Quality Tubing, Inc. v. Precision Tube Holdings, Corp.*, 75 F. Supp. 2d 613, 624 (S.D. Tex. 1999) ("Section 271(i) contemplates that an infringing sale will occur, but does not require that the patent holder wait for the sale before suing for patent infringement"); *Baxter Diagnostics, Inc. v. AVL Scientific Corp.*, 924 F. Supp. 994, 1016 (C.D. Cal. 1996) ("Indeed, the manufacture of one infringing device generally constitutes infringement even if the manufacturer does not use or sell it.").  *See also Bose Corp. v. JBL, Inc.*, 112 F. Supp. 2d 138, 170 (D. Mass. 2000) (holding that unsold inventory infringes 271(a)).

III.   **MIT HAS PROPERLY PLEADED BREACH OF CONTRACT AND ITS CLAIM SHOULD NOT BE DISMISSED UNDER RULE 12(B).**

Finally, Still River claims that MIT did not properly allege its breach of contract claim, because it did not state it "performed its own obligations under the contract."  But none of the cases that Still River cites show that such an allegation is necessary to survive a motion to dismiss.  Rather, at best, Still River's cases show that, when decided on the merits, a party that does not satisfy its condition precedent in a contract is not entitled to payment under a contract.  *See Vasys v. Metro. District Comm'n*, 387 Mass. 51, 56-57 (1982) (dismissing a case for not alleging a *statutory* condition precedent (a notice requirement) for bringing an action in court); *Singarella v. Boston*, 342 Mass. 385, 386 (1961) (distinguishable because the performing party brought an action because the paying party did not allow the performing party to perform); *Coviello v. Richardson*, 76 Mass. App. Ct. 603, 610-11 (2010) (reversing summary judgment for the jury to determine if the plaintiff had material breached the contract, preventing recovery).

Moreover, MIT _did_ allege that it performed research under the contract, to make its claim for breach of contract:

- "Pursuant to the Research Agreement and its subsequent amendments, SRS is required to reimburse MIT for certain direct and indirect costs *that it [MIT] incurred in the performance of research.*"; and

- "Pursuant to the Research Agreement, MIT has invoiced SRS for $888,436 for certain direct and indirect costs that it incurred in the performance of research."

(Complaint at ¶ 38-39 (emphasis added).)  These allegations show that MIT performed the contractual services and invoiced Still River for the costs incurred.  Accordingly, MIT's allegations are sufficient to survive a motion to dismiss.

Still River's claim that MIT terminated the contract around June 2007 may be an affirmative defense against MIT's contract claim, but is irrelevant here.  *See Waldos Bros. Co. v.*

*Platt Contracting, Co.*, 305 Mass. 349, 351 (1940).  It is not a reason to dismiss MIT's claim. *See Spears v. Miller*, 2006 WL 2808145, at *3 (Mass. App. Div. Sept. 26, 2006) ("More to the point, Spears and Gabriel allege in their breach of contract counts that Miller 'agreed to pay' them 'legally mandated overtime pay.'  … We are, therefore, constrained to reverse the dismissal of that count.  Whether it could survive a well-supported motion for summary judgment is, of course, beyond the scope of this appeal.").

## IV.    CONCLUSION

For the foregoing reasons, MIT respectfully requests that the Court deny Still River's motion to dismiss in its entirety.

Dated:  January 24, 2011

Respectfully Submitted,

/s/ Steven M. Bauer
Steven M. Bauer (BBO #542531)
Sharada Devarasetty (BBO #672514)
Proskauer Rose LLP
One International Place
Boston, MA  02110-2600
Telephone: (617) 526-9600
Facsimile: (617) 526-9899
sbauer@proskauer.com
sdevarasetty@proskauer.com

Attorneys for Plaintiff,
MASSACHUSETTS INSTITUTE OF
TECHNOLOGY

## <u>CERTIFICATE OF SERVICE</u>

I, Sharada Devarasetty, Esq., hereby certify that on January 24, 2011, a copy of MIT's Opposition to Defendant's Motion to Dismiss was served via CM/ECF on all counsel of record for the Defendant.

/s/ Sharada Devarasetty
Sharada Devarasetty, Esq.